IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| CLIFFORD BERNARD ROBINSON, | ) | |
| | ) | No. 5:12-cv-03426-DCN |
| Claimant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| CAROLYN W. COLVIN, *Acting* | ) | |
| *Commissioner of Social Security,* | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court on United States Magistrate Judge Kaymani D. West's Report and Recommendation ("R&R") that the court reverse the Commissioner's decision denying claimant Clifford Bernard Robinson's ("Robinson") application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The Commissioner has filed objections to the R&R. For the reasons set forth below, the court adopts the R&R, reverses the Commissioner's decision and remands the case for further proceedings.

## I.  BACKGROUND

Unless otherwise noted, the background of this case is taken from the R&R.

### A.  Procedural History

Robinson filed applications for DIB and SSI on June 22, 2010, alleging that he became unable to work on April 29, 2010. The Social Security Administration ("the Agency") denied Robinson's application initially and on reconsideration. Robinson requested a hearing before an administrative law judge ("ALJ"). A hearing was held on September 21, 2011, and, in a decision issued on October 7, 2011, ALJ Augustus C.

Martin determined that Robinson was not disabled. The ALJ's finding became the final decision of the Commissioner when the Appeals Council denied further review on October 4, 2012.

Robinson filed this action for judicial review on December 1, 2012. On July 24, 2013, Robinson filed a brief asking that the court remand his case to the Agency for further proceedings. The Commissioner filed a brief in support of her decision on September 5, 2013.

On February 4, 2014, the magistrate judge issued the R&R, recommending that the Commissioner's decision be reversed and Robinson's case be remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). R&R 12. The Commissioner objected to the R&R on February 21, 2014. This matter has been fully briefed and is now ripe for the court's review.

### B. Robinson's Medical History

Because a discussion of Robinson's medical history is not germane to the court's ruling, the court dispenses with a lengthy recitation thereof and here recites only a few relevant facts. Robinson was born on June 29, 1962 and was forty-seven years old on his alleged disability onset date. Tr. 52. He has at least a high school education and past relevant work as a truck driver and warehouseman. Id.

### C. ALJ's Findings

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C.

§ 423(d)(1)(A); 20 C.F.R. § 404.1505. The Social Security regulations establish a five-step sequential evaluation process to determine whether a claimant is disabled. See 20 C.F.R. §§ 404.1520, 416.920. Under this process, the ALJ must determine whether the claimant: (1) is currently engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment which equals an illness contained in 20 C.F.R. § 404, Subpt. P, App'x 1, which warrants a finding of disability without considering vocational factors; (4) if not, whether the claimant has an impairment which prevents him from performing past relevant work; and (5) if so, whether the claimant is able to perform other work considering both her remaining physical and mental capacities (defined by his residual functional capacity) and his vocational capabilities (age, education, and past work experience) to adjust to a new job. See 20 C.F.R. § 404.1520; Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981). The applicant bears the burden of proof during the first four steps of the inquiry, while the burden shifts to the Commissioner for the final step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citing Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992)).

To determine whether Robinson was disabled from April 29, 2010, through the date of his decision, the ALJ employed the statutorily-required five-step sequential evaluation process. At step one, the ALJ found that Robinson did not engage in substantial gainful activity during the period at issue. Tr. 46. At step two, the ALJ found that Robinson suffered from the following severe impairments: back disorders, HIV, and probable torn right rotator cuff. Id. At step three, the ALJ found that Robinson's impairments or combination thereof did not meet or medically equal one of the impairments listed in the Agency's Listing of Impairments. Tr. 48. Before reaching the

fourth step, the ALJ determined that Robinson retained the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), except that Robinson could not climb ropes, ladders, or scaffolds; could only occasionally stoop, crouch, or crawl; could never perform overhead lifting with his right arm; must be able to alternate positions at will; and was limited to simple, routine, repetitive tasks. Tr. 50. At step four, the ALJ found that Robinson was unable to perform any of his past relevant work. Tr. 52. Finally, at the fifth step, the ALJ found that Robinson could perform jobs existing in significant numbers in the national economy and concluded that he was not disabled during the period at issue. Tr. 53.

## II.  STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). This court is not required to review the factual findings and legal conclusions of the magistrate judge to which the parties have not objected. See id. The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id. (internal citations omitted). "[I]t is not within the province of a reviewing court to determine the weight of

the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if [her] decision is supported by substantial evidence." Id.

### III.  DISCUSSION

The Commissioner objects to the R&R and contends that the magistrate judge erred by finding that the ALJ did not sufficiently discuss the combined effect of Robinson's impairments.

Federal law states that:

In determining whether an individual's physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under this section, the Commissioner of Social Security shall consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity.

42 U.S.C. § 423(B) (2012); see also 20 C.F.R. § 404.1523 (2013) ("[W]e will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity."). As the Fourth Circuit has explained, "a failure to establish disability under the listings by reference to a single, separate impairment does not prevent a disability award." Walker v. Bowen, 889 F.2d 47, 49 (4th Cir. 1989).

It is axiomatic that disability may result from a number of impairments which, taken separately, might not be disabling, but whose total effect, taken together, is to render claimant unable to engage in substantial gainful activity. In recognizing this principle, this Court has on numerous occasions held that in evaluating the effective [sic] of various impairments upon a disability benefit claimant, the Secretary must consider the combined effect of a claimant's impairments and not fragmentize them.

Id. at 50; see also Saxon v. Astrue, 662 F. Supp. 2d 471, 479 (D.S.C. 2009) (collecting cases that describe the importance of analyzing a claimant's impairments both separately and in combination). "As a corollary, the ALJ must adequately explain his or her

5

evaluation of the combined effects of the impairments." Walker, 889 F.2d at 50. This explanation must include more than a "generic declaration that '[t]he claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.'" Brown v. Astrue, No. 11-cv-03245, 2013 WL 642189, at *10 (D.S.C. Jan. 31, 2013), adopted by 2013 WL 645958 (D.S.C. Feb. 21, 2013).

In the present case, the ALJ determined at step three of the sequential evaluation process that "[t]he claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." Tr. 48. This language precisely mirrors the language that was found wanting in Brown. As in Brown and Walker, the ALJ in this case failed to analyze the cumulative effects of Robinson's impairments. Instead, he simply noted that each of Robinson's severe impairments do not, by themselves, meet or equal the listed impairments. This explanation, and the conclusory statement that Robinson's combination of impairments does not meet or equal the listed impairments, fails to meet the level of analysis required by Walker and its progeny. As a result, the court cannot discern whether the ALJ's decision was supported by substantial evidence. Remand is appropriate.[1]

Because this case will be remanded due to the ALJ's failure to consider Robinson's impairments in combination, the court need not address the argument that the

---

[1] The court does not express an opinion regarding whether Robinson's combination of impairments would render him disabled. The opinion, as currently written, simply does not provide enough discussion for the court to determine whether Robinson's impairments, in combination, meet or medically equal a listing.

6

ALJ improperly assessed Robinson's credibility. Upon remand, the ALJ will have the opportunity to consider that argument.

## IV.   CONCLUSION

For the reasons set forth above, the court **ADOPTS** the magistrate judge's Report & Recommendation, **REVERSES** the Commissioner's decision, and **REMANDS** under sentence four of 42 U.S.C. § 405(g) for further proceedings.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**March 20, 2014**
**Charleston, South Carolina**