IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| CLIFFORD BERNARD ROBINSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> NANCY A. BERRYHILL, *Acting* ) <br> *Commissioner of the Social Security* ) <br> *Administration*,[1] ) <br> ) <br> Defendant. ) <br> _____) | No. 5:12-cv-03426-DCN <br><br> **ORDER** |

This matter is before the court on a motion for attorney's fees filed by claimant Clifford Bernard Robinson ("Robinson") pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). Robinson requests $4,030.04 in attorney's fees as a prevailing party under the EAJA. ECF No. 43 at 1. Nancy A. Berryhill, Acting Commissioner of the Social Security Administration, (the "Commissioner") argues that Robinson is not entitled to such fees and costs because the Commissioner's position in this litigation was substantially justified. The court finds that the Commissioner's position was not substantially justified and grants Robinson's motion for attorney's fees.

## I. BACKGROUND

Robinson filed an application for disability insurance benefits ("DIB") and supplemental security income ("SSI") on June 22, 2010, alleging disability beginning on April 29, 2010. The Social Security Administration denied Robinson's claim initially and on reconsideration. Robinson requested a hearing before an administrative law judge

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security; therefore, she is substituted as the named defendant pursuant to Federal Rule of Civil Procedure 25(d).

1

("ALJ"), and a hearing was held on September 21, 2011. The ALJ issued his decision on October 7, 2011, finding that Robinson was not disabled under the Social Security Act. The Appeals Council declined to review the ALJ's decision, and Robinson filed the instant action on December 4, 2012. The magistrate judge issued a Report and Recommendation ("R&R") on February 4, 2014, recommending that the Commissioner's decision be reversed and remanded for further administrative action. The Commissioner objected to the R&R on February 21, 2014. Upon review, this court adopted the magistrate judge's R&R on March 20, 2014, reversed the Commissioner's decision, and remanded the case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). The court found that the ALJ erred by failing to consider whether Robinson's impairments, considered in combination, met or equaled a listing found on the Listing of Impairments. Due to this deficiency, the court concluded that substantial evidence did not support the ALJ's decision.

On April 15, 2014, the Commissioner filed a motion to amend the court's March 20, 2014 judgment, which the court denied on April 6, 2015. On June 17, 2015, Robinson filed a motion for attorney's fees pursuant to the EAJA. The Commissioner opposed the motion on July 6, 2015, Robinson responded on July 17, 2015, and the Commissioner filed a sur-reply on July 22, 2015.

## II. DISCUSSION

### A. Prevailing Party

Under the EAJA, a court must award reasonable attorney's fees to a prevailing party in certain civil actions against the United States unless the court finds that the government's position was substantially justified or that special circumstances render an

2

award unjust. 28 U.S.C. § 2412(d)(1)(A). To qualify as a "prevailing party," a party "must succeed on the merits of a claim." S-1 By & Through P-1 v. State Bd. of Educ. of N.C., 6 F.3d 160, 170 (4th Cir. 1993) (Wilkinson, J., dissenting), adopted as majority opinion, 21 F.3d 49 (4th Cir. 1994) (en banc). "In other words, success must be something buttressed by a court's authority or required by a rule of law. The lawsuit must materially alter the 'legal relationship' between plaintiffs and defendants." Id. Because this court reversed and remanded Robinson's case to the Commissioner for administrative action pursuant to sentence four of 42 U.S.C. § 405(g), Robinson is considered the "prevailing party" under the EAJA.[2] See Shalala v. Schaefer, 509 U.S. 292, 302 (1993).

### B.  Substantially Justified

The government has the burden of proving that its position was substantially justified. Crawford v. Sullivan, 935 F.2d 655, 658 (4th Cir. 1991). Evaluating whether the government's position was substantially justified is not an "issue-by-issue analysis" but an examination of the "totality of circumstances." Roanoke River Basin Ass'n v. Hudson, 991 F.2d 132, 139 (4th Cir. 1993); see also Hensley v. Eckerhart, 461 U.S. 424, 437 (1983) ("A request for attorney's fees should not result in a second major litigation."). "The government's position must be substantially justified in both fact and law." Thompson v. Sullivan, 980 F.2d 280, 281 (4th Cir. 1992). Substantially justified does not mean "justified to a high degree, but rather justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988). "The government's non-acquiescence in the law of the circuit entitles the claimant to recover attorney's fees." Crawford, 935 F.2d at 658;

---

[2] Neither party contests that Robinson is the prevailing party.

3

see also Adams v. Barnhart, 445 F. Supp. 2d 593, 595 (D.S.C. 2006) ("Where the government's position was a result of its failure to perform a certain analysis required by the law and its regulations, the government's position was not substantially justified."). There is no presumption that losing the case means that the government's position was not substantially justified. Crawford, 935 F.2d at 656.

Robinson claims that he is entitled to receive attorney's fees under the EAJA as the prevailing party because the ALJ failed to properly consider Robinson's severe impairments in combination, which he contends was not a substantially justified position for the government to take. ECF No. 43-1 at 1–2.

The requirement that an ALJ must consider the combined effects of the claimant's impairments is well established. Under the applicable regulations, the ALJ must consider the combined effect of all the individual's impairments "without regard to whether any such impairment, if considered separately, would be of sufficient severity." 20 C.F.R. § 404.1523(c). The Fourth Circuit has held that "in evaluating the effect[] of various impairments . . . , the Secretary must consider the combined effect of a claimant's impairments and not fragmentize them." Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989) (citations omitted). In Walker, the ALJ found the claimant suffered several ailments and noted the effect of each impairment separately, concluding that the claimant "did not have an impairment or combination of impairments listed in, or medically equal to, one listed [in the Appendix.]" Id. at 49. In rejecting the ALJ's conclusion, the Walker court found that the ALJ neither analyzed nor explained his evaluation of the cumulative effect of the claimant's impairments. Id. at 49–50. Under the applicable regulation and

Walker, it is clear that the ALJ must consider the combined effect of these impairments in determining the claimant's disability status.

The Commissioner argues there are competing interpretations of Walker. ECF No. 6. In support of this proposition, the Commissioner cites to this court's order denying the Commissioner's motion to amend, which notes that "'district courts within the circuit have developed competing interpretations of Walker's holding.'" ECF No. 44 at 6 (quoting ECF No. 42 at 3). However, in so doing, the Commissioner fails to address this court's explanation on that point—that the court was more persuaded by the line of cases interpreting Walker, which required more discussion by the Agency. ECF No. 42 at 4. Instead, the Commissioner cites to case law for the proposition that "'if the governing law is unclear or in flux, it is more likely that the government's position will be substantially justified.'" ECF No. 44 at 6 (quoting Martinex v. Sec'y of Health & Human Servs., 815 F.2d 1381, 1383 (10th Cir. 1987)). Certainly, when governing law is actually unclear, the court agrees that it is more likely to find that the government's position is substantially justified. But historically, courts within this district have been quite clear in interpreting Walker to require an explanation of combined effect of impairments and, in turn, consideration of individual impairment only is insufficient. See e.g., Brown v. Astrue, C/A No. 1:11-3245-JMC-SVH, 2013 WL 642189, at *8 (D.S.C. Jan. 31, 2013) (citation omitted) (holding that Walker requires the ALJ to consider "the combined effect of these impairments in determining the claimant's disability status"), adopted in 2013 WL 645958 (D.S.C. Feb. 21, 2013); Mazyck v. Astrue, Civil Action No. 8:10-2780-TMC-JDA, 2012 WL 315686, at *9 n.7 (D.S.C. Feb. 14, 2012) (citation omitted) (reaffirming its commitment to enforcing the requirements of Walker that the

5

ALJ "make express his treatment of the combined effects of all impairments"), adopted in 2012 WL 315648 (D.S.C. Feb. 1, 2012); Saxon v. Astrue, 662 F. Supp. 2d 471, 479–80 (D.S.C. 2009) (collecting cases in this district finding that Walker requires adequate explanation and evaluation, which includes an explanation of the ALJ's evaluation of the combined effect of the claimant's impairments); Lemacks v. Astrue, Civil Action No. 8:07-2438-RBH-BHH, 2008 WL 2510087 at *4 (D.S.C. May 29, 2008) (citation omitted) (holding that a conclusory statement followed by an evaluation that progresses through each severe impairment individually is "not sufficient to foreclose disability[]" under Walker).

A review of the record reveals that the ALJ failed to properly consider Robinson's impairments in combination as required by Walker. Indeed, the ALJ's explanation for his decision consisted entirely of the following: "The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1[.]" Tr. 48. The Commissioner now argues, as she did in her Rule 59(e) motion, that this court has previously required that a claimant make some showing that further discussion of his combined impairments would affect the outcome, citing cases where the court has found a "harmless" error where the ALJ's explanations were "too thin" or should be "more thorough." ECF No. 44 at 5–6 (citations omitted). However, the depth and substance of the analysis was not at issue in this case. Rather, what concerned the court was that the ALJ failed to account for "combined impairments." Like in Brown, the ALJ included no findings concerning the combined effect of claimant's physical and mental impairments or even any findings suggestive of consideration of the combined impairments, other than

6

the ALJ's generic declaration that "[t]he claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526; 416.920(d), 416.925 and 416.926)." Tr. at 48. Such a statement is insufficient under Walker. See Lucas v. Astrue, C/A No. 5:10-cv-02606-JMC-KDW, 2012 WL 265712, at *14 (D.S.C. Jan. 23, 2012) ("[E]ven if such boilerplate verbiage could suffice to demonstrate the ALJ considered all of Plaintiff's impairments, it does not purport to indicate he considered all impairments in combination."), adopted in 2012 WL 266480 (D.S.C. Jan. 30, 2012).

In line with Walker and its progeny in this district, after carefully considering the circumstances of this case, the court concludes that the government's position was not "substantially justified" as required to avoid a fee award. Accordingly, Robinson's motion for attorney's fees is granted in full.

### III. CONCLUSION

For these reasons, the court concludes that the Commissioner has not met her burden of showing that her position was substantially justified. Therefore, the court **GRANTS** Robinson's motion for attorney's fees in the amount of $4,030.04.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

November 7, 2017
Charleston, South Carolina

8